UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRIS TEPLIN,<br><br>   Plaintiff,<br><br> v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>   Defendants. | Case No.17-cv-02445-HSG<br><br>**ORDER SETTING STATUS CONFERENCE** |

   Pending before the Court are motions to dismiss by Defendants Wendi Joiner, Dkt. No. 12[1], and the United States, Dkt. No. 17.

   On February 25, 2016, prior to bringing the instant action, Plaintiff Kris Teplin filed a lawsuit in state court that named, as relevant here, Joiner, Coastal Health Alliance, and Steven Siegel. *See Teplin v. Joiner*, No. 16-cv-4416-KAW, Dkt. No. 1 at 13-16. She alleged one cause of action for professional negligence/medical malpractice. *Id.* at 15. On August 5, 2016, the United States filed a notice of removal because Coastal Health Alliance was "deemed eligible for FTCA [Federal Tort Claims Act] malpractice coverage . . . and its employees [*i.e.*, Joiner and Siegel] are covered under the FTCA." *Id.* ¶ 3. In the notice, the United States represented that it "ha[d] certified that [Joiner and Siegel] were acting within the course and scope of their employment with Coastal Health Alliance." *Id.* ¶ 4. Separately, the United States filed a certification "pursuant to 28 U.S.C. § 2679(d)." *Teplin v. Joiner*, No. 16-cv-4416-KAW, Dkt. No. 2. While the certification does not so specify, the cited statute provides that, for an action filed in state court, "[t]his certification of the Attorney General shall conclusively establish scope of office

---

[1] All docket references are to this case unless otherwise indicated.

or employment for purposes of removal." *See* 28 U.S.C. § 2679(d)(2). Accordingly, upon certification, the "action or proceeding shall be deemed to be an action or proceeding brought against the United States," paving the way for removal. *See id.* The parties subsequently stipulated that the United States would be "substituted as the party defendant in place of" Joiner, Siegel, and Coastal Health Alliance, and dismissed the case without prejudice on August 9, 2016. *Teplin v. Joiner*, No. 16-cv-4416-KAW, Dkt. No. 6 at 2.

On April 28, 2017, Plaintiff filed the instant action, bringing three causes of action against Joiner and the United States. She asserts the following claims: (1) wrongful death under the Drug Dealer Liability Act, Cal. Health & Safety Code §§ 11700 *et seq.* ("DDLA"), against the United States and Joiner; (2) wrongful death based on non-medical negligence against the United States; and (3) wrongful death based on medical negligence against the United States. *See* Dkt. No. 1. Additionally, within each cause of action, Plaintiff asserts a sub-claim against the United States of negligent hiring, supervision, employment, and retention. *See id.* Plaintiff appears to ground her claims against the United States in the FTCA. Here, however, unlike in Plaintiff's first lawsuit, the United States has not filed a certification—notwithstanding its apparent belief that the certification from the previous case before Judge Westmore is still in effect. *See* Dkt. No. 22 at 6-7. Further complicating factors is Plaintiff's assertion of two additional causes of action that were not present in her initial suit (*i.e.*, the DDLA claim and the claim for wrongful death based on non-medical negligence), and therefore not part of the United States' initial certification calculus.

It seems unlikely that the United States' certification from the case before Judge Westmore is binding in this case. Nor is it clear whether or how Plaintiff's additional claims affect the scope of the certification. This issue potentially has ramifications for the substantive outcome of Plaintiff's claims. *Compare* 28 U.S.C. § 2679(d)(1) ("Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant."), *with id.* § 2679(d)(3) ("In the event that the Attorney General has refused to certify scope of office or employment under this section,

the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment."). None of the parties have meaningfully addressed the certification issue, which could bear on the question of whether Joiner's conduct was within the scope of her employment, and thus on whether the United States could be liable under the FTCA.

Accordingly, the Court **SETS** a status conference for March 20, 2018 at 10:00 a.m. The parties should be prepared to discuss the certification issue described above, and how it impacts the resolution of the pending motions to dismiss.

**IT IS SO ORDERED.**

Dated: 3/13/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

3